# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | RONALD A. GUZMÁN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7744 | **DATE** | 11/30/11 |
| **CASE TITLE** | United States ex rel. Robert Gilbert (#B-35431) vs. Warden Randy Davis | | |

**DOCKET ENTRY TEXT:**

The court construes the petitioner's trust account statement [#8] as a motion for leave to proceed *in forma pauperis*. The motion is granted. The petitioner's motion for expansion of the record [#5] is also granted. The respondent is ordered to answer the petition or otherwise plead within twenty-one days of the date of this order. The petitioner's motions for appointment of counsel [#3], for production of discovery [#4], and for an evidentiary hearing [#6] are denied as premature.

■ [**For further details see text below.**]  **Docketing to mail notices.**

## STATEMENT

Robert Gilbert, an Illinois state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his convictions for attempted murder, aggravated battery with a firearm, aggravated discharge of a firearm, and unlawful use of a weapon on the grounds that: (1) defense counsel was ineffective; (2) the prosecutor engaged in misconduct; (3) the evidence presented failed to establish the petitioner's guilt beyond a reasonable doubt; (4) the petitioner was denied a competency hearing; (5) the grand jury failed to investigate the matter properly; and (6) a convicted felon served on the jury.

In response to the court's Minute Order of November 2, 2011, directing the petitioner either to file an i.f.p. application or pay the statutory filing fee, the petitioner has filed a trust account statement. The court will treat the statement as a motion for leave to proceed *in forma pauperis*. The petitioner having shown that he is indigent [he has a negative balance in his trust fund account], his motion to proceed *in forma pauperis* is granted.

The petitioner maintains that he has exhausted state court remedies as to all claims raised in his habeas petition, and appears to have filed this action in a timely manner. Accordingly, the respondent is ordered to answer the petition or otherwise plead within twenty-one days of the date this order is entered on the clerk's docket. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness arguments it may wish to present.

**(CONTINUED)**

mjm

**STATEMENT (continued)**

The petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. **The petitioner is once again reminded that he must provide the court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed.** In addition, the petitioner must send an exact copy of any court filing to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by the petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the petitioner.

The petitioner's motion for appointment of counsel is denied at this time as premature. Counsel must be appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if interests of justice so require. *See* Rule 8(c), Rules Governing Section 2254 Cases. Whether the interests of justice require appointment of counsel in this case cannot be determined until after the court has had an opportunity to review and consider the respondent's answer to the petition. The petitioner's motions for production of discovery and for an evidentiary hearing are likewise denied as premature.

Finally, the petitioner's motion for expansion of the record is granted. The court will consider the materials attached to that motion.