# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7744 | **DATE** | 10/23/2012 |
| **CASE TITLE** | United States ex rel. Robert Gilbert vs. Randy Davis | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this order, Gilbert's petition pursuant to 28 U.S.C. § 2254 is denied and this case is terminated.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

In May and July 2004, Robert Gilbert bought two used cars from a dealership in Melrose Park. (Gov't Ex. D, *People v. Gilbert*, No. 1-06-0882 at 2 (Ill. App. Ct. June 13, 2008).) On August 25, 2004, Gilbert went to the dealership and told Torsten Korthase, the employee who had sold him the cars, that he had not yet received the registration for one car and, as a result, had received a ticket for an unregistered vehicle. (*Id.* at 1-2.) Korthase told Gilbert that he would receive the registration shortly. (*Id.* at 2.) Dissatisfied, Gilbert demanded a refund of his money, and then left the dealership. (*Id.*)

Shortly thereafter, Gilbert returned to Korthase's office at the dealership with a shotgun hidden under his shirt. (*Id.*) He produced the gun, told Korthase to sit down and repeated his demand for a refund. (*Id.*) Korthase said he had to go across the street to get Gilbert's refund. (*Id.*) When Korthase stood up, Gilbert shot him. (*Id.*)

Gilbert was subsequently convicted of attempted first degree murder, a conviction that survived challenges on direct appeal and in post-convictions proceedings. (*Id.* at 4-11; *see* Gov't Ex. H, *People v. Gilbert*, No. 107315 (Ill. Nov. 26, 2008) (order denying Gilbert's petition for leave to appeal order affirming his conviction and sentence); Gov't Ex. L, *People v. Gilbert*, No. 1-09-1553 (Ill. App. Ct. Dec. 16, 2010) (order affirming denial of Gilbert's first post-conviction petition); Gov't Ex. O, *People v. Gilbert*, No. 112147 (Ill. May 25, 2011) (order denying Gilbert's petition for leave to appeal order affirming denial of the first post-conviction petition); Gov't Ex. S, *People v. Gilbert*, No. 1-09-2316 (Ill. App. Ct. Apr. 7, 2011) (order affirming the denial of Gilbert's second post-conviction petition); Gov't Ex. U, *People v. Gilbert*, No. 112283 (Ill. Sept. 28, 2011) (order denying Gilbert's petition for leave to appeal order affirming the denial of his second post-conviction petition); Gov't Ex. Y, *People v. Gilbert*, No. 1-10-3133 (Ill. App. Ct. Oct. 20, 2011) (order affirming the denial of Gilbert's third post-conviction petition).) Gilbert has now filed a petition pursuant to 28 U.S.C. § 2254 to set aside his conviction.

**STATEMENT**

  Gilbert can pursue his habeas claims in federal court only after raising them in "one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004); *see* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . , if he has the right under the law of the State to raise, by any available procedure, the question presented."). The Court will not review any federal claim that was not presented for such review or was resolved by the state courts on independent and adequate state law grounds. *Woods v. Schwartz*, 589 F.3d 368, 373 (7th Cir. 2009). Only two of Gilbert's claims are eligible for habeas review under these standards: (1) a due process claim based on the trial court's failure to give jury instructions on lesser offenses; and (2) an ineffective assistance of appellate counsel claim based on counsel's failure to argue that Gilbert's trial lawyer was ineffective for failing to request a competency hearing. (*Compare* Pet. at 5-12e, *with*, Gov't Ex. B, Br. & Arg. Def.-Appellant, *People v. Gilbert*, No. 1-06-0882 (Ill. App. Ct. Aug. 27, 2007), Gov't Ex. G, Pet. Leave Appeal, *People v. Gilbert*, No. 107315 (Ill. Sept. 30, 2008), Gov't Ex. I, Mot. Withdraw, *People v. Gilbert*, No. 1-09-1553 (Ill. App. Ct. [undated]), Gov't Ex. N, Pet. Leave Appeal, *People v. Gilbert*, No. 112147 (Ill. Mar. 31, 2011)); *see* Gov't Ex. S, *People v. Gilbert*, No. 1-09-2316 (Ill. App. Ct. Apr. 7, 2011) (affirming denial of Gilbert's second petition for post-conviction relief because he failed to seek permission to file it as required by state law).) Gilbert's other claims are procedurally defaulted, and because he offers no grounds for excusing the defaults, they are not subject to review. *See Lewis*, 390 F.3d at 1026 (stating that a procedural default can be excused if the petitioner shows cause for it, *i.e.*, that he was prevented from raising his claims in state court, and prejudice from it, *i.e.*, that constitutional error infected the whole trial, or that "he is actually innocent of the offense" and "no reasonable juror would have found him guilty . . . but for the error(s) he attributes to the state court.").

  Gilbert is entitled to relief on the two preserved claims only if the state court's decisions on them were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). They were not. The Seventh Circuit has held that there is no clearly established due process right in non-capital cases to have the jury instructed on lesser offenses. *Calloway v. Montgomery*, 512 F.3d 940, 944 (7th Cir. 2008). Moreover, Gilbert offers no evidence, and the record contains none, that suggests he was unfit to stand trial. *See Dusky v. United States*, 362 U.S. 402, 402 (1960) (stating that a defendant is competent to stand trial if "he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding-and whether he has a rational as well as factual understanding of the proceedings against him"). Thus, there was no reason for Gilbert's trial counsel to request a competency hearing or for his appellate counsel to argue that trial counsel was constitutionally ineffective for failing to do so.

  In short, neither of Gilbert's claims merits habeas relief. The Court, therefore, denies his petition.